**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NOBLE CHRISTO EL,

                Petitioner,

                v.

WARDEN DAVID KELSEY,

                Respondent.

Civil Action No. 24-2662 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Noble Christo El's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

## I.    BACKGROUND

Petitioner is a state prisoner currently confined in the Atlantic County Justice Facility awaiting trial on state criminal charges. (ECF No. 1). In his current habeas petition, Petitioner seeks to challenge the state court's jurisdiction to charge him criminally in light of his belief that

his "Moorish"[1] identity renders him immune, to challenge various aspects of his underlying criminal case including discovery issues and state court probable cause findings, and to challenge his ongoing detention pending trial. (ECF No. 1-1 at 40-52.) Petitioner's current habeas petition is not Petitioner's first attempt to file a pre-trial habeas. He previously filed a similar habeas petition which Judge Kugler dismissed in December 2022. *See El v. Miller*, No. 22-4961, 2022 WL 18024203 (D.N.J. Dec. 29, 2022), *cert. of appealability denied*, 2023 WL 5031526 (June 1), *cert. denied*, 144 S. Ct. 292 (Oct. 10, 2023).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] The Moorish Movement is a "black Islamic Sect" who often use the suffixes "El" and "Bey" in their names and believe themselves to be descended from ancient Moors rather than sub-Saharan Africans and are often tied up in sovereign citizen movements which reject the authority of the federal and state governments. *See, e.g., Abdullah v. New Jersey*, No. 12-4202, 2012 WL 2916738, at *2-4 (D.N.J. July 16, 2012). Plaintiff's jurisdictional claims appear to be premised on just such an assertion – that he is "Moorish" and the state therefore lacks any jurisdiction to criminally charge or prosecute him.

## III.  DISCUSSION

In this matter, Petitioner seeks to litigate various constitutional challenges, including jurisdictional challenges, discovery issues, and evidentiary rulings, in this Court without first completing his state court criminal proceedings and any appeals from those proceedings. As this Court has explained,

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

*Raza v. Taylor*, No. 22-6016, 2022 WL 11703642, at *1 (D.N.J. Oct. 20, 2022).

As in his previous habeas petition before Judge Kugler, Petitioner in this matter seeks to bring various challenges to aspects of his ongoing state criminal proceedings without having fully exhausted his state court remedies. From the documents Petitioner provides, it does not appear that he has fully exhausted any of his claims – Petitioner reports only that he filed a previous

3

habeas petition, and appealed that to the Supreme Court. Documents Petitioner has provided indicate that he attempted to file a purported habeas petition in the state supreme court, but that attempt was rejected as an improper mechanism for raising claims in state court. (*See* ECF No. 1-1 at 17.) Petitioner has thus clearly not exhausted his claims by properly appealing them through the state courts, and Petitioner is attempting to pre-emptively assert his jurisdictional and other defenses in this Court without first presenting them to all levels of the state courts.

Seeking to avoid the dismissal of this matter, Petitioner contends that he has experienced extraordinary circumstances which would warrant pre-trial intervention in this matter. The arguments Petitioner raises, however, are either defenses or defects which Petitioner could clearly first raise in state court – alleged ineffective counsel, alleged issues with the state trial judge, bail issues, and issues with the prosecution. (*See* ECF No. 5.)   A Petitioner may not resort to a pretrial habeas petition, however, merely to pre-emptively raise his defenses or bail challenges in a federal court rather than the state court overseeing his criminal matter. *See Moore*, 515 F.2d at 449; *Gibbs v. Att'y Gen.*, No. 16-680, 2016 WL 632228, at *2 (D.N.J. Feb. 17, 2016) (even assuming habeas jurisdiction exists to hear bail challenges for state pretrial detainees, such jurisdiction may not be exercised without proper and full exhaustion in state court). That Petitioner is unhappy with the progress of his criminal matter, or has constitutional defenses he may wish to raise to his current prosecution do not amount to extraordinary circumstances warranting the hearing of his claims in a pretrial habeas petition without prior exhaustion of his claims in state court. *Moore*, 515 F.2d at 449. As Petitioner has thus neither shown extraordinary circumstances warranting pretrial intervention nor that he has fully exhausted his claims through all three levels of the state courts, this Court must decline jurisdiction over this matter and must dismiss Petitioner's habeas petition without prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).  In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show extraordinary circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V.   <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED**

**WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability.   An order

consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6